IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOEL HAMMOND,** : | CIVIL ACTION NO. 1:22-CV-1780 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **STEPHEN SPAULDING,** : | |
| : | |
| Respondent : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Joel Hammond, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to grant him earned time credits pursuant to the First Step Act. We will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**I.   Factual Background & Procedural History**

Hammond is currently incarcerated in the Lewisburg United States Penitentiary ("USP-Lewisburg") serving a 72-month sentence imposed by the United States District Court for the District of Maryland for conspiracy to distribute narcotics. (Doc. 8 at 2). He filed the instant petition on October 25, 2022, and the court received and docketed the petition on November 8, 2022. (Doc. 1 at 14). Hammond asserts the BOP has failed to credit him with earned time credit pursuant to the FSA and seeks a writ of habeas corpus compelling the BOP to provide such credit. (Id.) He argues that exhaustion of administrative remedies is futile because completing the BOP's administrative remedy process would take a

significant amount of time and he allegedly would be entitled to release before he could complete the program.  (Id. at 3).

Respondent responded to the petition on December 27, 2022, arguing that the petition should be dismissed for failure to exhaust administrative remedies.  (Doc. 7).  Hammond did not file a reply brief,[1] and the deadline for doing so has expired under the Local Rules.  The petition is accordingly ripe for review.

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims.  See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial

---

[1] Instead of filing a reply brief, Hammond filed a "motion to dismiss," which asserts that the court committed a reversible legal error and acted *ultra vires* by adding the United States Attorney as a respondent to this action.  (See Doc. 9).  Hammond's argument is without merit.  The court did not add the United States Attorney as a respondent to this action; it simply ordered the United States Attorney to be served with a copy of the petition as counsel for the respondent.  (See Doc. 4).  This action was proper under the Federal Rules of Civil Procedure.  See FED. R. CIV. P. 4(i)(2)-(3) (stating that when officers of the United States are named in lawsuits in their official or individual capacities the United States should be served with process); FED. R. CIV. P. 4(i)(1)(A)(i) (stating that service on the United States requires that a copy of the summons and complaint be delivered "to the United States attorney for the district where the action is brought"); see also Robinson v. Spaulding, No. 1:22-CV-1742, 2023 WL 1805205, at *1 (M.D. Pa. Feb. 7, 2023) (denying similar argument to dismiss United States Attorney from case where petitioner sought FSA time credits through a Section 2241 habeas corpus petition).  We will accordingly deny Hammond's motion.

resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Hammond's petition should be dismissed for failure to exhaust because he has not filed any administrative remedy requests related to the FSA in his time in BOP custody. (Doc. 8 at 2). Respondent attaches a declaration from Jennifer Knepper, an attorney employed at USP-Lewisburg, to support this argument. (Doc. 8-1 at 3-4). Knepper confirms that Hammond has not filed any administrative remedy requests related to the FSA. (Id.)

3

Hammond has not replied to respondent's exhaustion argument, but he argues in his petition that exhaustion of administrative remedies should be excused as futile because completing the BOP's administrative remedy process would take a significant amount of time and he allegedly would be entitled to release before he could complete the program. (Doc. 1 at 3). This court recently rejected an indistinguishable argument in Rodriguez v. Sage, where we held that a petitioner was not excused from the obligation to exhaust his claim for FSA time credits "simply because his projected release date is approaching, and he may not complete his administrative appeal before the release date." Rodriguez v. Sage, No. 1:22-CV-503, 2023 WL 2309781, at *2 (M.D. Pa. Mar. 1, 2023) (Conner, J.). We see no sound basis to depart from that *ratio decidendi*, nor are we aware of any subsequent cases that would caution against reliance on our Rodriguez decision. Hence, we reject Hammond's argument that exhaustion should be excused as futile and conclude that he failed to exhaust administrative remedies.

### III.   Conclusion

We will dismiss the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 28, 2023

4